UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

IN ADMIRALTY

BRENDA PETRO,

    Plaintiff,
vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, the Plaintiffs, BRENDA PETRO, by and through undersigned counsel, and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., and further state as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333, Federal Rule of Civil Procedure 9(h) and Plaintiff's cruise ship ticket contract with ROYAL CARIBBEAN CRUISES, LTD., (hereinafter "RCCL"), which requires the forum for resolving this claim to be in the United States District Court for the Southern District of Florida. There is no complete diversity of citizenship. Plaintiff is a citizen and resident of the country of Canada. Defendant is a foreign corporation with a base of operations in Miami-Dade County, Florida. This is a maritime cause of action.

2. Plaintiffs have complied with all conditions precedent, or, in the alternative.

3. At all times material hereto, Defendant is a Liberian Corporation, which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami-

1

Dade County, Florida.

4. At all times material hereto, Plaintiff, BRENDA PETRO (hereafter "PETRO"), is and was a resident and citizen of the country of Canada and is *sui juris*.

**COUNT I – NEGLIGENCE**

5. Plaintiff reavers and realleges paragraphs one through four as if set forth herein.

6. On or about January 27, 2014, Plaintiff, PETRO, was an adult fare paying passenger aboard the ALLURE OF THE SEAS. The vessel was in navigable waters. Defendant owned or operated ALLURE OF THE SEAS at all times material.

7. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

8. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failure to properly maintain a set of passenger steps in a reasonable safe condition; and/or,

    b. Failure to keep a set of passenger steps clean and dry; and/or,

    c. Failure to have a non-skid or non-slip surface on a set of passenger steps where it is foreseeable that water and/or other liquids will be spilled and/or accumulate;

    d. Failure to train employees to inspect a set of passenger steps to make sure it is not wet;

    e. Failure to warn the Plaintiff of the dangers of walking on a set of passenger steps; and/or,

    f. Failure to warn the Plaintiff of the dangers of walking on a set of passenger steps where it is foreseeable that water and/or other liquids will

        be spilled and/or accumulate;

    g.    Failure to train employees in the proper methods of keeping a set of passenger steps clean and dry; and/or,

    h.    Failure to learn from prior similar incidents and correct the same or substantially similar problems of dangerously slippery wet set of passenger stairs on its cruise ships.

9.    As a result of the foregoing, the Plaintiff was injured when she slipped and fell on wet slippery passenger stairs in the area of zip lining and the "FlowRider" facilities aboard Defendant's vessel where there was no sign warning her of the dangerous condition.

10.    At all times material, Defendant knew and had actual knowledge of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and had constructive notice of them and should have corrected them.

11.    At all times material, Plaintiff acted with due care for her own safety.

12.    At all times material hereto, Defendant Royal Caribbean Cruises, Ltd., was in direct control of the vessel where Plaintiff was injured.

13.    As a result of the negligence of Defendant, the Plaintiff was injured in and about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, and loss the enjoyment of her cruise. The injuries and damages are permanent and/or continuing in nature, and the Plaintiff shall continue to suffer

such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for costs, pre-judgment interest and damages.

Dated this 19th day of January, 2015.

> Respectfully Submitted,
>
> FISCHER LAW FIRM, PLLC
> Attorneys for the Plaintiff
> 2888 East Oakland Park Blvd.
> Ft. Lauderdale, FL 33306
> Telephone:   (954) 563-8111
> Facsimile:   (954) 563-8522
>
>
> By:   /s/ *John P. Fischer, Esq.*
>       JOHN P. FISCHER, ESQ.
>       Florida Bar No:   99751
>       jfischer@jpfischerlaw.com

4